1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    RODNEY A. WILLSON, E-97618,          )
                                          )
10            Petitioner,                 )        No. C 16-2411 CRB (PR)
                                          )
11       vs.                              )        ORDER DISMISSING
                                          )        PETITION FOR A WRIT OF
12   BOARD OF PAROLE HEARINGS,            )        HABEAS CORPUS
                                          )
13            Respondent(s).              )
     _____   )

14

15                              I.

16          Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254

17   challenging the California Board of Parole Hearings' (BPH) June 10, 2015

18   decision to deny him parole.  Petitioner claims the BPH's decision does not

19   comport with due process because: (1) it is not supported by some evidence

20   demonstrating that he would pose an unreasonable risk of danger to the public if

21   released on parole, and (2) it does not reflect individualized consideration of all

22   relevant factors.

23                              II.

24          The Supreme Court has made clear that, in the context of parole, a

25   prisoner subject to a parole statute similar to California's receives adequate

26   process when he is allowed an opportunity to be heard and is provided with a

27   statement of the reasons why parole was denied.  Swarthout v. Cooke, 562 U.S.

28   216, 220 (2011).  The Constitution does not require more.  Id.

Whether the BPH's decision was supported by some evidence of dangerousness is irrelevant in federal habeas. The Supreme Court has made clear that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 221. And for the same reason, it is no federal concern whether California's "relevant factors" received individualized consideration.

As the Ninth Circuit has put it, "Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, '[t]hat should . . . be [] the beginning and the end of [the] inquiry into whether [the inmate] received due process.'" Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting Cooke, 562 U.S. at 220). Because petitioner does not question whether those procedures were provided, and the petition and attachments thereto show that they indeed were provided, this court's inquiry "is at its end." Id.

III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED:  May 10, 2016

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.16\Willson, R.16-2411.dismissal.wpd